BRETT A. SHUMATE
Assistant Attorney General
Civil Division
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
HUNTER B. THOMSON
Assistant United States Attorney
Acting Chief, Civil Fraud Section
AARON KOLLITZ
Assistant United States Attorney
California State Bar No. 238580
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2083
    E-mail: aaron.kollitz@usdoj.gov

BRENNA E. JENNY
Deputy Assistant Attorney General
JAMIE ANN YAVELBERG
ANDY MAO
LINDSAY DEFRANCESCO
ELIZABETH J. KAPPAKAS
Attorneys, Civil Division
    U.S. Department of Justice
    175 N Street NE
    Washington, DC 20002
    (202) 305-2479
    Elizabeth.J.Kappakas@usdoj.gov

Attorney for the United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* SOMADEV PASALA,<br><br>    Plaintiff,<br><br>v.<br><br>FULGENT THERAPEUTICS LLC and FULGENT GENETICS, INC.,<br><br>    Defendants. | No. CV 24-10648 PA (RAOx)<br><br>JOINT STIPULATION OF DISMISSAL |

1    WHEREAS, on November 13, 2025, the United States filed a Notice of
2    Intervention and Motion to Dismiss Pursuant to 31 U.S.C. §3730(c)(2)(A) ("Motion") in
3    this case and each of the eight additional cases consolidated with this matter (the
4    "Consolidated Cases"), seeking dismissal with prejudice as to Relator;[1]
5    WHEREAS, on December 1, 2025, Relator filed an Opposition to the Motions
6    filed in *U.S. ex rel. Doe v. Curative et al.*, CV 24-10670 GW (SSCx) ("*Curative*") and
7    *U.S. ex rel. Doe v. Inspire Diagnostics, LLC*, CV 24-02705 GW (ADSx) ("*Inspire*"), in
8    which Relator requested that dismissal be without prejudice or, in the alternative, that the
9    Court grant certain relief related to his right to seek a share of alternate remedies under
10   31 U.S.C. § 3730(c)(5);
11   WHEREAS, on December 9, 2025, the United States submitted its Reply in
12   Support of its Motion in the *Curative* and *Inspire* cases;
13   WHEREAS, after further discussion between the parties regarding the relief
14   Relator requested, the parties have agreed to dismissal of the Consolidated Cases without
15   prejudice; and
16   WHEREAS, Relator's right, if any, to seek a share of alternate remedies under 31
17   U.S.C. §3730(c)(5) is not ripe for determination at this time.
18   IT IS HEREBY STIPULATED AND AGREED by and between the *qui tam* Relator
19   and the United States, through their respective attorneys of record and subject to the
20   approval of the Court, that:
21   1. The Consolidated Cases, listed below, are dismissed without prejudice as to the
22       Relator and the United States:
23       a. *U.S. ex rel. Pasala v. Fulgent Therapeutics, LLC and Fulgent Genetics,*

---

[1] On November 17, 2025, this Court entered an Order (Docket No. 38) granting a Stipulation (Docket No. 33) to consolidate this case with eight additional *qui tam* actions (together, the nine cases are the "Consolidated Cases") for purposes of hearing the United States' Motions. The parties submitted their Opposition and Reply Briefs in the *Curative* and *Inspire* cases, under Case numbers CV 24-10670 GW (SSCx) and CV 24-02705 (GW ADSx) respectively, prior to learning of this Court's consolidation order. The Court entered an updated Order setting a briefing schedule for the Consolidated Cases on December 10, 2025 (Docket No. 39).

   *Inc.*, CV 24-10648 PA (RAOx);
b. *U.S. ex rel. Doe v. Care One Health Partners, Inc.*, CV 24-02709 CAS (KESx);
c. *U.S. ex rel. Doe v. Curative, Inc. and Curative Labs Inc.*, CV 24-10670 GW (SSCx);
d. *U.S. ex rel. Doe v. Helix OpCo, LLC*, CV 24-10672 MCS (SSCx);
e. *U.S. ex rel. Doe v. Signal Diagnostics, LLC*, CV 24-10722 MWC (SKx);
f. *U.S. ex rel. Doe v. Inspire Diagnostics, LLC*, CV 24-02705 GW (ADSx);
g. *U.S. ex rel. Doe v. Crestview Clinical Laboratory, LLC*, CV 24-02686 SPG (DFMx);
h. *U.S. ex rel. Doe v. Avellino Lab USA, Inc.*, CV 24-10810 CAS (AJRx); and
i. *U.S. ex rel. Doe v. MedLab2020, Inc.,* No. 24-cv-10723 SVW (PDx).

2. Within five (5) business days of the Court's order granting this stipulation and dismissing the Consolidated Cases without prejudice, Relator shall file redacted versions of (i) the Amended Complaints in the Consolidated Cases, and (ii) Relator's Oppositions to the Government's Motions to Dismiss filed in the *Curative* and *Inspire* matters.

3. After Relator files redacted versions of his Amended Complaints and Oppositions, the seal shall be lifted on:

  a. The original filed Complaints and redacted Amended Complaints in the Consolidated Cases;
  b. The parties' briefing on the United States Motions to Dismiss submitted in the *Curative* and *Inspire* matters, including the United States' Motion, Relator's redacted Oppositions, and the United States' Reply Briefs;
  c. This stipulation and proposed order; and
  d. All matters occurring in this case after this Order is entered.

4. All other contents of the Court's file in the Consolidated Cases, including any unredacted Complaints or Amended Complaints, and the United States' applications for extensions of the seal period, shall remain permanently under seal and shall not be made public or served upon any defendant or other party or person.

|   |   |   |
|---|---|---|
| 1 |  | Respectfully submitted, |
| 2 | Dated: December 22, 2025 |  |
| 3 |  | */s/ David B. Harrison*** |

NICOMEDES SY HERRERA
LAURA E. SEIDL
BRET D. HEMBD
HERRERA KENNEDY LLP

DAVID B. HARRISON
ALEXANDRIA D. MARTINEZ
SPIRO HARRISON &NELSON
Attorneys for Relator

Dated: December 22, 2025

BRETT A. SHUMATE
Assistant Attorney General
Civil Division
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
HUNTER B. THOMSON
Assistant United States Attorney
Acting Chief, Civil Fraud Section

BRENNA E. JENNY
Deputy Assistant Attorney General
JAMIE ANN YAVELBERG
ANDY MAO
LINDSAY DEFRANCESCO
ELIZABETH J. KAPPAKAS
Attorneys, Civil Division
United States Department of Justice

_/s/ Aaron Kollitz_

AARON KOLLITZ
Assistant United States Attorney
Attorneys for the United States of America

** The signatory listed, and on whose behalf this filing is submitted, concurs in the filing's content and has authorized the filing.

**DECLARATION RE LACK OF NECESSITY FOR PROOF OF SERVICE**

I, AARON KOLLITZ, declare:

1. I am the Assistant United States Attorney who has been assigned responsibility for handling the above-captioned action. I am a member of the Bar of the State of California, and I have been duly admitted to appear before this Court. The following is based on my personal knowledge.

2. I have examined Federal Rule of Civil Procedure ("Rule") 5(a), which provides as follows:

> (a) Service: When Required.
>
> (1) In General. Unless these rules provide otherwise, each of the following papers must be served on every party:
>
> (A) an order stating that service is required;
>
> (B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants;
>
> (C) a discovery paper required to be served on a party, unless the court orders otherwise;
>
> (D) a written motion, except one that may be heard ex parte; and
>
> (E) a written notice, appearance, demand, or offer of judgment, or any similar paper.
>
> (2) If a Party Fails to Appear. No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.
>
> (3) Seizing Property. If an action is begun by seizing property and no person is or need be named as a defendant, any service required before the filing of an appearance, answer, or claim must be made on the person who had custody or possession of the property when it was seized.

3. The list of documents set forth in Rule 5(a)(1) does not include the

| | |
|---|---|
| 1 | document to which this Declaration is attached.  The said document also is not a |
| 2 | pleading that asserts "a new claim for relief" against any "party who is in default for |
| 3 | failing to appear."  (Rule 5(a)(2).)  Nor was the above-captioned action "begun by |
| 4 | seizing property."  (Rule 5(a)(3).)  Therefore, I believe that Rule 5(a) does not require |
| 5 | the document to which this Declaration is attached to be served upon any party that has |
| 6 | appeared in the above-captioned action. |
| 7 |     I declare under penalty of perjury that the foregoing is true and correct. |
| 8 |     Executed on December 22, 2025, at Los Angeles, California. |
| 9 | |
| 10 | |
| 11 |                       AARON KOLLITZ |