1
2
3
4
5
6
7  UNITED STATES DISTRICT COURT
8  FOR THE CENTRAL DISTRICT OF CALIFORNIA
9  WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel*. SOMADEV PASALA,<br><br>Plaintiff,<br><br>v.<br><br>FULGENT THERAPEUTICS LLC and FULGENT GENETICS, INC.,<br><br>Defendant. | No. CV 24-10648 PA (RAOx)<br><br>[PROPOSED] ORDER |

The Court, having considered the Parties' Joint Stipulation of Dismissal, IT IS ORDERED THAT:

(1)   This case and the eight other consolidated *qui tam* actions (together the "Consolidated Cases"), listed below, are DISMISSED in their entirety without prejudice as to the Relator and as to the United States:

   a. *U.S. ex rel. Pasala v. Fulgent Therapeutics, LLC and Fulgent Genetics, Inc.*, CV 24-10648 PA (RAOx);
   b. *U.S. ex rel. Doe v. Care One Health Partners, Inc.*, CV 24-02709 CAS (KESx);
   c. *U.S. ex rel. Doe v. Curative, Inc. and Curative Labs Inc.*, CV 24-10670 GW (SSCx);
   d. *U.S. ex rel. Doe v. Helix OpCo, LLC*, CV 24-10672 MCS (SSCx);
   e. *U.S. ex rel. Doe v. Signal Diagnostics, LLC*, CV 24-10722 MWC (SKx);
   f. *U.S. ex rel. Doe v. Inspire Diagnostics, LLC*, CV 24-02705 GW (ADSx);
   g. *U.S. ex rel. Doe v. Crestview Clinical Laboratory, LLC*, CV 24-02686 SPG (DFMx);
   h. *U.S. ex rel. Doe v. Avellino Lab USA, Inc.*, CV 24-10810 CAS (AJRx); and
   i. *U.S. ex rel. Doe v. MedLab2020, Inc.,* No. 24-cv-10723 SVW (PDx).

(2)   Within five (5) business days of the Court's order granting this stipulation and dismissing the Consolidated Cases without prejudice, Relator shall file redacted versions of (i) the Amended Complaints in the Consolidated Cases, and (ii) Relator's Oppositions to the Government's Motions to Dismiss filed in the *Curative* and *Inspire* matters.

(3)   After Relator files redacted versions of his Amended Complaints and Oppositions, the seal shall be lifted on:

   a. The original filed Complaints and redacted Amended Complaints in the Consolidated Cases;
   b. The parties' briefing on the United States Motions to Dismiss submitted in the *Curative* and *Inspire* matters, including the United States' Motion, Relator's redacted Oppositions, and the United States' Reply Briefs;
   c. This stipulation and proposed order; and

1         d. All matters occurring in this case after this Order is entered.

2    (4) All other contents of the Court's file in the Consolidated Cases, including any unredacted Complaints or Amended Complaints, and the United States' applications for extensions of the seal period, shall remain permanently under seal and shall not be made public or served upon any defendant or other party or person.

IT IS SO ORDERED.

Dated:_____    _____
                                                                  UNITED STATES DISTRICT JUDGE

**DECLARATION RE LACK OF NECESSITY FOR PROOF OF SERVICE**

I, AARON KOLLITZ, declare:

1. I am the Assistant United States Attorney who has been assigned responsibility for handling the above-captioned action. I am a member of the Bar of the State of California, and I have been duly admitted to appear before this Court. The following is based on my personal knowledge.

2. I have examined Federal Rule of Civil Procedure ("Rule") 5(a), which provides as follows:

> (a) Service: When Required.
>> (1) In General. Unless these rules provide otherwise, each of the following papers must be served on every party:
>>> (A) an order stating that service is required;
>>> (B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants;
>>> (C) a discovery paper required to be served on a party, unless the court orders otherwise;
>>> (D) a written motion, except one that may be heard ex parte; and
>>> (E) a written notice, appearance, demand, or offer of judgment, or any similar paper.
>> (2) If a Party Fails to Appear. No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.
>> (3) Seizing Property. If an action is begun by seizing property and no person is or need be named as a defendant, any service required before the filing of an appearance, answer, or claim must be made on the person who had custody or possession of the property when it was seized.

3. The list of documents set forth in Rule 5(a)(1) does not include the

document to which this Declaration is attached.  The said document also is not a pleading that asserts "a new claim for relief" against any "party who is in default for failing to appear."  (Rule 5(a)(2).)  Nor was the above-captioned action "begun by seizing property."  (Rule 5(a)(3).)  Therefore, I believe that Rule 5(a) does not require the document to which this Declaration is attached to be served upon any party that has appeared in the above-captioned action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 22, 2025, at Los Angeles, California.

_____
AARON KOLLITZ